UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

PAULA DENISE YOUNG,

                Plaintiff,

v.

CAPITAL ONE BANK,

                Defendant.

------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
12-CV-4838 (MKB)

MARGO K. BRODIE, United States District Judge:

On September 24, 2012, plaintiff Paula Denise Young, appearing *pro se*, filed this action against defendant, seeking unspecified relief.[1] The Court directs plaintiff to file an amended complaint, within 30 days, as set forth below.

## Background

Plaintiff alleges that defendant Capital One Bank "owes me . . . three thousand dollars" and also "two hundred dollars." (Compl. 2.) Specifically, plaintiff alleges that she transferred three thousand dollars that she saved from her social security checks from her checking account to a savings account with Capital One Bank, but that in 2004 "Capital One Bank took my money and gave it to creditors." (*Id.*)

## Standard of Review

In reviewing the complaint, the Court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even

---

[1] On September 17, 2012, plaintiff filed a separate complaint against the Social Security Administration alleging that she did not receive her social security benefits from June-September, but did not specify the year. *See Young v. SSA*, No. 12-CV-4685.

after *Twombly* . . . we remain obligated to construe a *pro se* complaint liberally."); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191–93 (2d Cir. 2008) ("[W]hen [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally." (alteration in original) (citations omitted)).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Nonetheless, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted); *see also Pacheco v. Connecticut*, 471 F. App'x 46, 47 (2d Cir. 2012) (summary order) (upholding *sua sponte* dismissal of a *pro se* complaint under § 1915A); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (discussing dismissal under the statute). Also, if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Cave v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008).

## Discussion

Plaintiff invokes "federal" jurisdiction and the Court liberally construes that to mean the Court's federal question jurisdiction. 28 U.S.C. § 1331. The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "federal-question" jurisdiction, § 1332 for "diversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* § 1332(a); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. —, —, 130 S. Ct. 1237, 1244 (2010) (discussing "diversity-of-jurisdiction under 28 U.S.C. § 1332" (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514–15 (2006)).

### Garnishment of Social Security Funds

Here, plaintiff's complaint suggests that her social security benefits were unlawfully garnished by defendant in order to pay creditors in violation of 42 U.S.C. § 407(a) ("[T]he right of any person to any future payment under [Social Security] shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment or other legal process, or to the operation of any bankruptcy or insolvency law."); *see also Wojchowski v. Daines*, 498 F.3d 99, 101 (2d Cir. 2007) (describing 42 U.S.C. § 407(a) as "the 'antiattachment provision' of the Social Security Act"). However, the Debt Collection Improvement Act of 1996 exempts education loans from the prohibition of garnishment. 31 U.S.C. § 3716(c)(3)(A)(1)(I); *see also Lockhart v. United States*, 546 U.S. 142, 145 (2005) (discussing the Debt Collection Improvement Act and its allowance for garnishment of Social Security benefits to offset student loan debts).

3

Plaintiff does not identify the creditors or provide any facts or documents to support her claim that defendant violated 42 U.S.C. § 407(a). Furthermore, plaintiff alleges that this occurred in 2004, eight years ago and New York courts have applied a three year statute of limitations to claims arising under this provision. *Spira v. J.P. Morgan Chase & Co.*, 466 F. App'x 20, 23 (2d Cir. 2012) (stating that "federal courts generally borrow a limitations period or other timeliness rule from the most analogous source-ordinarily state law" and upholding District Court's decision to apply the three year statute of limitations in N.Y. C.P.L.R. 214(2)).

The Court grants plaintiff leave to file an amended complaint against defendant. In the amended complaint, plaintiff must provide a description of what defendant Capital One Bank did or failed to do that deprived plaintiff of her rights under federal law and whether she received any notices from defendant Capital One Bank that her funds would be used to satisfy any debts or creditors. Plaintiff must also allege what steps, if any, she has taken to resolve this issue with defendant and the dates of any relevant events. If available, plaintiff should include as exhibits to the amended complaint, any correspondence or documents from defendant related to any debts or creditors.

## Conclusion

Accordingly, plaintiff is directed to file an amended complaint, within 30 days of the date of this order, in support of her Title VII and retaliation claims, or the complaint shall be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). If plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this order, 12-CV-4838 (MKB). The amended complaint shall completely replace the original complaint and shall be reviewed for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B).

No summons shall issue at this time and all further proceedings shall be stayed until plaintiff has complied with this Order. If plaintiff fails to file an amended complaint within 30 days, the instant action shall be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/S/ Judge Brodie
MARGO K. BRODIE
United States District Judge

Dated: October 19, 2012
      Brooklyn, New York