FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  JUN 6 - 2013  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

PAULA DENISE YOUNG,

          Plaintiff,

    v.

CAPITAL ONE BANK,

          Defendant.

--------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
12-CV-4838 (MKB)

MARGO K. BRODIE, United States District Judge:

      On September 24, 2012, Plaintiff Paula Denise Young, appearing *pro se*, filed this action against Defendant Capital One Bank, seeking unspecified relief.[1]  Plaintiff appears to argue that her social security benefits were unlawfully garnished by Defendant in order to pay creditors in violation of 42 U.S.C. § 407(a).  The Court ordered Plaintiff to file an Amended Complaint, within 30 days, with additional facts and documents to support her claim.  On November 13, 2012, Plaintiff filed an Amended Complaint.  (Docket Entry No. 6.)  The Amended Complaint did not provide the additional information requested by the Court.  The Court nevertheless requested that Defendant provide the Court with information about Plaintiff's bank accounts. Based on the information provided to this Court, it is abundantly clear that Plaintiff's Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted and as frivolous.  The Court therefore dismisses Plaintiff's Amended Complaint with prejudice.

**I.    Background**

      Plaintiff alleges that Defendant Capital One Bank "owes me . . . three thousand dollars." (Am. Compl. 3.)  According to the Amended Complaint, Plaintiff transferred three thousand

---

[1] On September 17, 2012, Plaintiff filed a separate complaint against the Commissioner of Social Security alleging that she did not receive her social security benefits from June-September, but did not specify the year. *See Young v. Comm'r of Soc. Sec.*, No. 12-CV-4685.

dollars that she saved from her social security checks from her checking account to a savings account with Capital One Bank, but in 2009, "The Bank Capitol One told me that they gave it to creditor's [sic]." (*Id.*)

In an attempt to determine if Plaintiff's accounts were garnished and if so, by whom, the Court ordered Defendant to provide Plaintiff and the Court with copies of all documents and information in the Defendant's possession regarding creditors who requested and were paid money from Plaintiff's accounts. (Docket Entry No. 7, Dec. 13, 2012 Order.) On January 14, 2013, Defendant provided information and documentation regarding Plaintiff's two accounts at Capital One Bank. (Docket Entry No. 12, Jan. 14. 2013 Ltr.) The information provided by Defendant includes copies of the account statements of both bank accounts from the date they were opened through the date Plaintiff filed her Complaint with this Court. (*Id.* at Exhs. A and B.) The documents demonstrate: (1) that a transfer of $3,000 from Plaintiff's checking account to her savings account was never made; and (2) Plaintiff's accounts were never garnished.[2]

## II.   Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal

---

[2] These documents may be properly considered by the Court as documents upon which the Complaint relies. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (holding that a court may consider "a document [that] is not incorporated by reference . . . where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint" (citations omitted)).

pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the court is required to dismiss *sua sponte* an IFP action, if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

## III.  Discussion

Plaintiff's Amended Complaint suggests that her social security benefits were unlawfully garnished by Defendant in order to pay creditors in violation of 42 U.S.C. § 407(a). *See* 42 U.S.C. § 407(a) ("[T]he right of any person to any future payment under [Social Security] shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment or other legal process, or to the operation of any bankruptcy or insolvency law."); *see also Wojchowski v. Daines*, 498 F.3d 99, 101 (2d Cir. 2007) (describing 42 U.S.C. § 407(a) as "the 'antiattachment provision' of the Social Security Act"). Plaintiff's bank records clearly demonstrate that, contrary to Plaintiff's claim, Plaintiff's accounts were never garnished by Defendant, or by any one. Plaintiff's claim is therefore frivolous. Her factual contentions are "the product of delusion or fantasy" and are baseless. *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation and internal quotation marks omitted). The Amended Complaint is dismissed with prejudice.

**IV.**   <u>**Conclusion**</u>

For the reasons stated above, the Court finds that the Amended Complaint fails to state a claim upon which relief can be granted and is frivolous.  Accordingly, this action is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

/SO ORDERED:

/s/(MKB)

MARGO K. BRODIE
United States District Judge

Dated: June 3, 2013
       Brooklyn, New York

4